IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

PHH MORTGAGE CORPORATION f/k/a
CENDANT CORPORATION,

              Plaintiff,

    v.

DAN R. HUTCHINSON, JR., et
al.,

              Defendants.

Civil No. 05-1429 (JBS)

**MEMORANDUM OPINION**

    1.  Local Civil Rule 7.1(d) provides that "[n]o application will be heard unless the moving papers and a brief, prepared in accordance with L. Civ. R. 7.2, and proof or acknowledgment of service on all other parties, are filed with the Clerk at least 24 days prior to the noticed motion date."

    2.  In this case, Plaintiff PHH Mortgage attempted to file a motion for summary judgment on November 21, 2006 [Docket Item 41].  However, Plaintiff did not file its brief.  Instead, in an apparent attempt to "seal" the brief, Plaintiff merely electronically filed the cover page to its brief with a notation that it was "filed under seal."

    3.  Local Rule 5.3 governs requests to seal documents and 5.3(c) describes the steps for electronically filing documents under seal.

    4.  Further, the Local Rules require that all case filings, including those under a sealing order or filed in connection with a motion to seal, must also be provided in paper form to the

judicial officer to whom the case was assigned.  See L. Civ. R. 7.1, comment 4a.  No paper copy was received in Chambers.

5.  Before attempting to file its motion for summary judgment, Plaintiff filed a motion to seal.  That request was denied [Docket Item 46] based on Plaintiff's failure to comply with Local Civil Rule 5.3(c)(2).

6.  Plaintiff filed a new motion to seal, which was granted in part and denied in part.  In particular, Plaintiff's request to seal its brief was denied and Plaintiff was ordered to redact the confidential account information from the brief instead.

7.  In addition, Plaintiff was ordered to provide complete copies of its papers in support of its motion for summary judgment to this Court as soon as possible. [Docket Item 51].

8.  Plaintiff then filed a new motion for summary judgment, this time electronically with the Clerk and in paper form to the undersigned, providing the Court with an opportunity, for the first time, to entertain its request.[1]  The papers were received

---

[1]  However, Plaintiff has still failed to provide this Court with *complete* copies of its papers, instead redacting those portions of its brief that were filed under seal.  Sealing orders merely restrict public access to documents.  A court cannot decide a motion based on information that it cannot see.  This is especially important in a case like this one, where it is unclear which accounts, if any, belonged to which defendants.  Unredacted courtesy copies should be delivered to the Court, with indications of what papers were filed under seal.

In addition, Plaintiff should take care when delivering paper copies.  A member of my staff discovered the most recent brief in my courtroom.  Couriers should deliver copies to my

June 6, 2007.

9.   Because Plaintiff's first motion failed to comply with Local Civil Rule 7.1, the Court shall dismiss that motion for summary judgment dated November 21, 2006 [Docket Item 41].  That dismissal is without prejudice to Plaintiff's new motion for summary judgment [Docket Item 52].

10.   Further, in the Amended Complaint "Evangeline Robinson" was an alternate name for Defendant Evangeline Tisdale as well as for former Defendant Erika Robinson. Claims against Defendant Evangeline Tisdale remain in this case.  Accordingly, the Clerk is directed to correct the docket sheet. The party terminated in January 2007 should have been listed as Erika Robinson a/k/a Evangeline Robinson.  Plaintiff has submitted proof that it personally served Evangeline Tisdale a/k/a Evangeline Robinson [Docket Item 33], <u>see</u> Fed. R. Civ. P. 4(l), the party against whom it still has claims and against whom it seeks summary judgment.  Therefore, Evangeline Tisdale should be listed as a defendant on the docket.  An appropriate Order shall be entered.


**June 12, 2007**                     **s/ Jerome B. Simandle**
Date                                  Jerome B. Simandle
                                      U.S. District Judge


Chambers or counsel should utilize the mail.