IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PHH MORTGAGE CORPORATION f/k/a CENDANT CORPORATION,<br><br>            Plaintiff,<br><br>    v.<br><br>DAN R. HUTCHINSON, JR., et al.,<br>            Defendants. | Civil No. 05-1429 (JBS)<br><br>**MEMORANDUM OPINION** |

**Simandle, District Judge:**

This matter is before the Court on the motion for summary judgment by PHH Mortgage Corporation ("Plaintiff" or "PHH") [Docket Item 52]. For the following reasons, the Court shall deny the motion to dismiss, but enter an order requiring Defendants to comply with discovery within fourteen days.

1. Plaintiff originally sought summary judgment against Defendants Dan Hutchinson, Jr.; Delene Hutchinson; Dorothy Mitchell; Evangeline Tisdale[1]; and Valencia Robinson, pursuant to Fed. R. Civ. P. 37, as a sanction for failure to comply with

---

[1] As "Evangeline Robinson" was an alternate name for Defendant Evangeline Tisdale as well as former Defendant Erika Robinson, and as claims against Defendant Evangeline Tisdale remain in this case, that is the individual against whom this motion is considered. Accordingly, the Clerk is directed to correct the docket sheet because the party terminated in January 2007 should have been listed as Erika Robinson a/k/a Evangeline Robinson. Plaintiff has submitted proof that it personally served Evangeline Tisdale a/k/a Evangeline Robinson [Docket Item 33], see Fed. R. Civ. P. 4(l), the party against whom it still has claims and against whom it seeks summary judgment. Therefore, Evangeline Tisdale should be listed as a defendant on the docket.

discovery and, pursuant to Fed. R. Civ. P. 56, arguing there is
no genuine issue of material fact precluding judgment as a matter
of law.  By letter dated June 6, 2007, PHH informed the Court
that it no longer seeks summary judgment as a discovery sanction
against Defendant Evangeline Tisdale, "Delene Mitchell," or
Dorothy Mitchell.[2]  Presumably, PHH meant to refer to Delene
Hutchinson in that letter as she is the only "Delene" named in
the Amended Complaint or in the Notice of Motion for Summary
Judgment [Docket Item 41-1].  The motion is unopposed, except,
apparently informally by Evangeline Tisdale who sent PHH a letter
seeking dismissal of its claims against her for her lack of
culpability and this Court's alleged lack of personal
jurisdiction over her.

    2.  Therefore, the matter before the Court is PHH's request
for summary judgment pursuant to Fed. R. Civ. P. 37 against
Defendants Dan Hutchinson, Jr. and Valencia Robinson; and
pursuant to Fed. R. Civ. P. 56 against Defendants Delene
Hutchinson, Dorothy Mitchell, Evangeline Tisdale, Valencia
Robinson and Dan Hutchinson, Jr.  However, because Defendants

---

    [2]  That letter also indicates that PHH completely withdraws
its request for summary judgment as to Erika Robinson.  However,
the notice of motion and the brief in support of the motion for
summary judgment did not name Ms. Erika Robinson.  The proposed
Order filed with the motion did name her, so it is unclear
whether PHH was ever seeking summary judgment against her.
However, the matter is moot as PHH has both withdrawn any request
for summary judgment as to Ms. Erika Robinson and the Court has
entered an Order dismissing the claims against her [Docket Item
44].

have not been able to obtain discovery, the proper basis for the motion is not Rule 56, but Rule 37.  Although Plaintiff has withdrawn its request for sanctions as to some of the defendants, it has not provided this Court with additional discovery materials.  Additionally, the only basis for the Rule 56 motion is Plaintiff's request that the Court deem the discovery requests admitted.  Because this is actually another argument for default as a sanction, which Plaintiffs apparently no longer seek as to three Defendants and which the Court does not have a proper basis to assess as to the other two, the Court shall deny the motion for summary judgment insofar as it is sought pursuant to Rule 56.

3.  Moreover, this motion does not reflect what is currently happening in this case, as Plaintiff merely refiled an old motion rather than making a new motion for summary judgment according to the facts in the record as of the date of this motion.

4.  Under Federal Rule of Civil Procedure 37(b)(2)(C), this Court has power to sanction noncompliance with discovery by entry of default.  However, dismissal as a sanction for noncompliance with discovery is a harsh sanction that should be used sparingly.  "[D]ismissals with prejudice or defaults are drastic sanctions, termed "extreme" by the Supreme Court and are to be reserved for comparable cases."  Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984) (citation omitted).  Furthermore, on February 23, 2007, Magistrate Judge Schneider entered an Order granting Plaintiff's motion to compel discovery and denied a

motion for discovery sanctions, finding that sanctions against the pro se Defendants were not warranted [Docket Item 45].   There has been no appeal from that Order or any subsequent request for sanctions.[3]   This Court is mindful that "dismissal is a sanction of last resort."   Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

   5.   Therefore, the Court shall not grant the motion to dismiss for failure to comply with discovery.   Nevertheless, the Court recognizes that Plaintiff will be completely impaired from litigating this action unless Defendants comply with discovery. Accordingly, the Court shall order Defendants to respond to all outstanding discovery requests within fourteen days of the entry of this Order.   As the Third Circuit has explained, while the Court has authority to order dismissal for failure to comply with discovery, it can also order other sanctions as justice requires:

> The court clearly has the power to dismiss the case as a sanction against a party who fails to obey an order regarding discovery. Fed.R.Civ.P. 37(b)(2)(C). The sanction must be specifically related to the particular claim at issue in the discovery order. Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707-08 (1982). The trial court has discretion over which sanctions to impose and "may make such orders in regard to the failure as are just." Fed. R. Civ. P. 37(b)(2).

---

   [3]   Although this motion was reinstated subsequent to that ruling, it was originally filed before it  See PHH Mortgage Corp. v. Hutchinson, No. 05-1429 (JBS) (D.N.J. filed June 12, 2007) [Docket Item 54] and was not updated after the motion was denied.

Id. at 158.  In this case, because it is unclear to the Court what discovery requests are still pending, and whether they are necessary considering Mr. Hutchinson, Jr. has entered a guilty plea in a related criminal case[4], the Court shall not grant dismissal as a discovery sanction at this time.  Rather, the Court shall Order Defendants to comply with any outstanding discovery requests.

6.  If Defendants continue to disregard Plaintiff's requests for discovery, Plaintiff may make a new motion for default, but must inform the Court of the actual course of the litigation as of the date of that filing and exactly how each Defendant against whom default is sought has failed to comply with discovery.  Any request for entry of default judgment against a defendant for failure to comply with the accompanying Order must set forth and discuss each of the factors identified in Poulis, supra.  The accompanying Order shall be entered.


**December 17, 2007**                    **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                         U.S. District Judge

---

[4]  Defendant Dan Hutchinson, Jr. has recently pled guilty to conspiracy to launder money in violation of 18 U.S.C. § 1956(h) and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) in connection with the six Sunbelt transfers.  See United States v. Hutchinson, Crim. No. 07-24(NLH) (Plea to Info.) (Jan. 11, 2007) [Docket Item 18].