IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHH MORTGAGE CORPORATION f/k/a CENDANT CORPORATION,<br><br>          Plaintiff,<br><br>     v.<br><br>DAN R. HUTCHINSON, JR., et al.,<br><br>          Defendants. | Civil No. 05-1429 (JBS)<br><br>**MEMORANDUM OPINION** |

**Simandle, District Judge:**

1.  This matter is before the Court on the motion of Plaintiff PHH Mortgage Corporations, f/k/a Cendant Mortgage Corporations, for default judgment as a sanction pursuant to Rule 37(b)(2)(C), Fed. R. Civ. P. against Defendants Dan R. Hutchinson, Jr., Delene B. Hutchinson, Valencia M. Robinson, and Dorothy T. Mitchell [Docket Item 60], in the full amount requested in the Amended Complaint, $695,318.52.

2.  Under Federal Rule of Civil Procedure 37(b)(2)(C), this Court has power to sanction noncompliance with discovery by entry of default judgment.  The Court, being cognizant that default judgment as a sanction for noncompliance with discovery is a harsh sanction that should be used sparingly, previously denied a motion for default for noncompliance and, instead, ordered Defendants to promptly comply with discovery [Docket Items 57 and 58].  Defendants failed to comply with that Order.

3.  "[D]ismissals with prejudice or defaults are drastic

sanctions, termed "extreme" by the Supreme Court and are to be reserved for comparable cases." Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984) (citation omitted). Under Fed. R. Civ. P. 37(b)(2)(C), if a party fails to obey a discovery order, the Court may impose sanctions including the entry of default judgment against the willfully noncompliant defendants. See Fed. R. Civ. P. 37(b)(2)(C). Pursuant to Poulis, this Court must consider six factors when determining whether to enter default judgment against Defendants: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim." Poulis, 747 F.2d at 868.

4. All six Poulis factors weigh in favor of granting the motion for default judgment in this case. Before explaining how, the Court shall outline the progress of the case to date, including what discovery has been sought and the lack of response from Defendants.

5. The original Complaint in this case was filed March 11, 2005. An Amended Complaint was filed in April 2005 and Defendant Dan Hutchinson, Jr. answered on May 3, 2005. Defendant Dorothy

Mitchell answered May 10, 2005 and Valencia Robinson answered on May 12, 2005. These answers were identical. Defendant Delene Hutchinson never answered. PHH served interrogatories and requests for production on August 31, 2006. (Pl.'s Exs. A and B.) Defendants never responded to these requests. On November 20, 2006, PHH filed a motion for summary judgment, which Defendants did not oppose. On February 23, 2007, Magistrate Judge Schneider entered an Order granting PHH's motion to compel discovery responses. Defendants never complied with that Order. On December 17, 2007, this Court denied summary judgment but entered a second Order compelling discovery in fourteen days, with which Defendants failed to comply.

  6. The defendants against whom default is sought in this case are not represented by attorneys, so this is not a situation in which responsibility for failure to comply lies with an incapacitated or negligent representative. Nor have any of the defendants, at any time, indicated to the Court that they were unable to comply or that they would like to comply with the Court's orders or the discovery requests but need more time to do so. Instead, Defendants have answered the Complaint, then withdrawn from participation in this action. More than two and half years have passed since they answered the Complaint and the responsibility for failing to participate in discovery appears to lie solely at their feet.

7.  PHH has suffered prejudice because it has been completely unable to discern the contours of the alleged fraud in this case or to prepare for trial.  In a little more than a month, its final pretrial order will be due to this Court and, despite its efforts, PHH has been completely unable to obtain any discovery from Defendants to date.  Nor has the Court, on prior motions for summary judgment, been able to determine what facts are genuinely in dispute, thus prejudicing PHH from receiving a summary adjudication of this matter without the expense of trial.  The allegations in this case relate to an alleged fraud among Defendants to divert wire transfers of more than $695,000 to unauthorized bank accounts for disbursement to them.  Dan Hutchinson Jr. was criminally charged for actions related to this scheme and pled guilty to conspiracy to launder money and money laundering, in violation of 18 U.S.C. §§ 1956(h) and § 1956(a)(1)(B)(i).  See United States v. Dan Hutchinson, Jr., Crim. No. 07-24 (NLH) (D.N.J. Jan. 11, 2007) (plea agreement).  Yet PHH has been unable to obtain any relief due to the failures of all Defendants to respond to court-ordered discovery.  Its serious allegations against these defendants remain unrebutted.

8.  Third, the Court is aware that default ". . . is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff."  Donnelly v. Johns-Manville Sales Corp., 677 F.2d

339, 342 (3d Cir. 1982). The history of Defendants' dilatoriness in this case is well-documented and extreme. Defendants have failed to respond to Plaintiff's interrogatories and requests for production; a letter from PHH following up on the lack of response from Defendants; PHH's motion to compel discovery; an Order from Magistrate Judge Schneider granting the motion to compel; a motion for summary judgment by PHH; or this Court's Order attempting, for the last time, to compel Defendants' response to all outstanding discovery requests. This is a clear and long-standing record of delay that has completely paralyzed this litigation and merits default. The case cannot proceed to be heard on the merits in the face of Defendants' refusal to participate in the litigation.

9. As to the fourth <u>Poulis</u> factor, it appears the Defendants' refusal to participate is willful and in bad faith. No other reason for their initial participation, by filing an answer, and subsequent withdrawal, by refusing to do anything else, has been presented to the Court. There have been no indications that addresses were changed or that Defendants failed to receive the numerous requests for discovery and Court orders that have been served on them. Therefore, this factor also weighs in favor of default judgment.

10. Fifth, no other sanction would be effective against these Defendants, as has been made clear by the numerous attempts

of this Court, as well as the attempts of Magistrate Judge Schneider, to be as permissive as possible to coax Defendants back in to the orderly process of resolving this dispute.  As Defendants have steadfastly ignored this Court's orders regarding discovery, it is likely they would similarly ignore any other Order regarding sanctions, whether monetary or otherwise. Defendants have rendered the Court's expenditure of its resources on this case futile and there is no other sanction that would appear to move this dispute toward resolution.

11.  Finally, the claims in this case appear meritorious, especially in light of Defendant Dan Hutchinson Jr.'s guilty plea.  On the other hand, Mr. Hutchinson Jr. has insisted, in a letter to Plaintiff, that the other Defendants had no role in this misconduct.  (Pl's. Ex. H.)  Nevertheless, all Defendants who are parties to this motion have admitted substantial portions of the claims against them in their Answer to the Amended Complaint, specifically, paragraph 25, subsections (a) through (h), which alleges how the wire transfers moved in and out of accounts to which they were connected either as owners or as individuals with access and control.

12.  Plaintiff PHH has more than amply demonstrated it is entitled to default judgment against these Defendants pursuant to Rule 37(b)(2)(C), supra.  The amount of the judgment is determined pursuant to Rule 55(b), which recognizes that when a

defendant defaults, the Court must determine whether the allegations of the Complaint state a prima facie case of liability and, if so, whether the amount of recovery is established in a sum certain by the pleadings and unrebutted evidence in the case.  Here, PHH has established that it suffered a loss due to the fraudulent scheme of each of these defendants. The amount of fraud damages alleged in the Complaint and in the Amended Complaint is "in excess of $695,000."  (See Am. Compl. ¶ 38.)  Plaintiff has supported this claimed amount by competent evidence, namely certified business records of internal investigations and wire transfer reports, as well as copies of checks and deposits, showing damages in the sum of $695,318.52. (See, e.g., Ex A. to Am. Compl.; Exs. A., R to June 6, 2007 Summ. J. Mot.)

    13.  For all these reasons, the Court shall grant the motion for default judgment against Defendants Dan R. Hutchinson, Jr., Delene B. Hutchinson, Valencia M. Robinson, and Dorothy T. Mitchell [Docket Item 60].[1]  An appropriate Order shall be entered.

**March 11, 2008**                                  **s/ Jerome B. Simandle**
Date                                             JEROME B. SIMANDLE
                                                 U.S. District Judge

---

[1] Plaintiff shall notify the Court within seven days of the entry of this Order whether it is still pursuing its claims against Defendant Evangeline Tisdale, the only remaining Defendant in this case.  The unnamed Doe parties shall be terminated on the docket at this time.